IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARNELL GRIMSLEY,
         Petitioner,

         v.

TOM MCGINLEY[1], *et al.*,
         Respondents.

CIVIL ACTION

NO. 16-1118

## ORDER

**AND NOW,** this 28th day of November 2017, upon careful and independent consideration of the petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 (ECF Doc. No. 1), United States Magistrate Judge Lynne A. Sitarski's comprehensive Report and Recommendation (ECF Doc. No. 31), Petitioner's *pro se* "reconsideration" construed as objections to Judge Sitarski's Report and Recommendation (ECF Doc. No. 37), Petitioner's Motion for extension of time to file a reply (ECF Doc. No. 36) followed Petitioner's failure to file a Reply to the Respondents' Response (ECF Doc. No. 28) within the thirty days permitted by Judge Sitarski following mailing of the Respondents' Response to an incorrect address as detailed in Judge Sitarski's Supplemental Report and Recommendation (ECF Doc. No. 43) addressing only the issue of timeliness and raising no new substantive issues not already addressed in the Report and Recommendation (ECF Doc. NO. 37), it is **ORDERED**:

1.    Mr. Grimsley's Motion for an extension (ECF Doc. No. 36) is **DENIED** as moot as Judge Sitarski granted the Motion for an extension until October 19, 2017 to reply to the Respondents' Response (ECF Doc. No. 43);

---

[1] Mr. Grimsley is presently incarcerated at SCI Coal Township. (ECF Doc. No. 11). We substituted Tom McGinley, the Superintendent of SCI Coal Township, as a Respondent. *See* Rules Governing Section 2254 Cases, Rule 2 (requiring the current custodian to be named as respondent).

2. Judge Sitarski's Report and Recommendation (ECF Doc. No. 31) and Supplemental Report and Recommendation (ECF Doc. No. 43) are **APPROVED and ADOPTED**.

3. Mr. Grimsley's Petition for a writ for *habeas corpus* under 28 U.S.C. § 2254 (ECF Doc. No. 1) is **DENIED** as to each of his fourteen grounds for relief following his murder conviction in a second trial, exhaustion of state appellate rights challenging his conviction, claims under the Post-Conviction Relief Act and exhaustion of state appellate rights on his PCRA claim all of which Judge Sitarski fully addressed in her comprehensive Report and Recommendation and, following our independent review[2], we find no basis for sustaining Mr. Grimsley's arguments;

4. There is no basis for the issuance of a certificate of appealability[3]; and,

5. The Clerk of Court shall **CLOSE** this case.

KEARNEY, J.

---

[2] Mr. Grimsley raises several issues: (1) ineffective assistance of trial counsel for failure to visit petitioner; (2) ineffective assistance of trial counsel for failure to investigate and failure to call witnesses; (3) ineffective assistance of trial counsel for failing to raise a Rule 600 claim; (4) ineffective assistance of trial counsel for failure to investigate Mr. Barnes's criminal history; (5) ineffective assistance of trial counsel for failing to call an expert witness; (6) ineffective assistance of appellate counsel; (7) unfair appeal due to incomplete copy of transcripts and related ineffectiveness claim; (8) trial court error in allowing the deceased's family members to be witnesses and related ineffective assistance claim; (9) trial court error in admitting inflammatory photographs and related ineffective assistance claim; (10) prosecutorial misconduct; (10) sufficiency of the evidence; (11) weight of the evidence; and (12) PCRA court error in dismissing PCRA petition and ineffective assistance of PCRA counsel. We closely reviewed each of Mr. Grimsley's claims and Judge Sitarski's comprehensive Report and Recommendation. We conclude Judge Sitarski fully and correctly addressed each of his claims.

[3] *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).